## FIRST NATIONAL BANK OF FRANKLIN v. FORD & BROS.

**Relief from Contract on Account of Mistake of Law.**
>    In some cases a party may be relieved against a contract entered into by mistake of law. Where he agrees without consideration to remain bound upon a contract from which in law he has been released and the agreement is made in ignorance of his legal rights, the court may refuse to enforce the agreement and treat it as a nullity.

**Mistake of Law.**
>    A mistake of law will not relieve against a contract founded upon a valuable consideration.

**Fraudulent Representation.**
>    Before one can have relief because of a fraudulent representation it must be shown that he was misled to his prejudice, and also that the misrepresentation superinduced the agreement.

APPEAL FROM SIMPSON CIRCUIT COURT.

March 5, 1879.

OPINION BY JUDGE HINES:

We are probably at fault in not elaborating our reasons for the conclusion reached in this case at the time the opinion was delivered. On that account and out of deference to the views of counsel for the appellees we deem it proper to make this response to the able and earnest petition for a rehearing.

Counsel say that the reliance of appellant must be upon the paper executed in December, 1874, because the negligence of the appellant in the prosecution of the case prior to that time and after the execution of the paper "A" in February, 1873, was so great as to release appellees from liability. This conclusion, we think, is clearly correct. If for any reason appellees are not bound by paper "B" executed in December, 1874, appellant cannot recover.

But counsel say that appellees executed the last named paper in ignorance of their rights under the law; that it was obtained by fraud and is without consideration. It is not seriously insisted by counsel for the appellees that their clients were ignorant of all the facts connected with the conduct of the case prior to the execution of the paper of December, 1874. But upon the other hand the record shows that there was no concealment of facts, no attempt at concealment, and that appellees were perfectly familiar with all the steps that had been taken. The mistake complained of is simply ignorance of the law.

We do not dispute that there are cases where a party may be relieved against a contract entered into by mistake of law. If he, without consideration, agreed to remain bound upon a contract from which in law he had been released, and this agreement is made in ignorance of his legal rights, the court may refuse to enforce the agreement and treat it as a nullity. But that is not the case under consideration. Here the appellees, having been released by the previous negligence, promised for a valuable consideration to remain bound. The consideration was the detriment to appellant in releasing his rights under the first sale of the property, by which he was entitled to near $200 of the proceeds. A mistake of law will not relieve against a contract founded upon a valuable consideration.

But they say that it is not binding because entered into by them through the fraudulent representation of the agent of appellant that he would make the property bring more at the second sale than it brought at the first. As we have already seen appellees were not prejudiced by this representation, if in fact relied upon by them.

According to the views of counsel for appellees they had no interest whatever in the matter. It was immaterial to them whether the sale stood or was set aside. Before they can have relief because of a fraudulent representation it must appear that they were mislead to their prejudice, and also that the misrepresentation superinduced the agreement. Neither of these things sufficiently appear from the record. The court will not lightly infer fraud in order to give relief upon a contract founded upon a moral consideration alone, much less when based also upon a legal consideration. Chitty on Contracts, pages 1036, 1042, and 1044, Strong's Equity, Sec. 203.

It is true there is an assumption upon the part of appellees, but that assumption is based upon a sufficient consideration and made with a full knowledge of all facts.

Petition *overruled.*

*Bush & Goodnight, A. Duvall, for appellant.*

*G. W. Whitesides, for appellees.*